# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3858

_____

United States of America,        *
                                 *
                   Appellee,     *     Appeal from the United States
                                 *     District Court for the District
        v.                       *     of South Dakota.
                                 *
Heriberto Enriquez-Jacquez,      *          [UNPUBLISHED]
                                 *
                   Appellant.    *

_____

Submitted:   June 11, 2002

Filed:   June 20, 2002

_____

Before BOWMAN, FAGG, and BYE, Circuit Judges.

_____

PER CURIAM.

Police stopped Heriberto Enriquez-Jacquez after observing Enriquez-Jacquez drive erratically and almost collide with their police car. Enriquez-Jacquez appeared to be intoxicated, and a breathalyzer sample indicated Enriquez-Jacquez's blood alcohol content exceeded the legal limit. Because Enriquez-Jacquez did not speak English, police had difficulty communicating their request for identification. Enriquez-Jacquez displayed a bill of sale for the car, listing the name Heriberto Enriquez and a social security number. Another officer with better Spanish language skills then spoke to Enriquez-Jacquez and obtained a birth date. Police reported the name Heriberto Enriquez, date of birth 02-08-60, and the social security number to

a dispatcher who ran a criminal history check. The dispatcher reported an individual named Heriberto Enriquez-Jacquez, date of birth 08-02-60, had been deported as a felon in the past. Police asked Enriquez-Jacquez for positive identification, then escorted Enriquez-Jacquez home where he retrieved an Immigration and Naturalization Service (INS) permanent resident card (green card) and a social security card. Police then transported Enriquez-Jacquez to the police station for booking on the driving while intoxicated (DWI) offense. A few days later, an INS agent interviewed Enriquez-Jacquez after explaining the standard <u>Miranda</u> warnings in Spanish. The INS agent compared the fingerprints in Enriquez-Jacquez's INS file with those taken by the police during booking on the DWI offense and confirmed a match.

Enriquez-Jacquez was charged with being an illegal alien found in the United States after deportation in violation of 8 U.S.C. § 1326(a) (2000). The district court[*] denied Enriquez-Jacquez's motions to suppress, to present evidence of a good faith defense, and for continuance. Enriquez-Jacquez was convicted and sentenced to ten months in prison. Enriquez-Jacquez now appeals. Having carefully reviewed the parties' submissions and the applicable law, we affirm.

We reject Enriquez-Jacquez's contention that his self-identification statements should have been suppressed because they were obtained before police informed him of his rights to remain silent and to counsel. <u>See</u> <u>United States v. Rodriguez-Arreola</u>, 270 F.3d 611, 615 (8th Cir. 2001) (reviewing legal conclusions de novo and factual findings for clear error). The police reasonably requested identification during a lawful arrest for driving while intoxicated, <u>United States v. Jones</u>, 266 F.3d 804, 812 (8th Cir. 2001), and Enriquez-Jacquez's identity would have been inevitably discovered through fingerprint comparisons. <u>Nix v. Williams</u>, 467 U.S. 431, 444

---

[*]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

(1984). We also reject Enriquez-Jacquez's contention that the district court improperly denied his motion to present evidence of a good faith belief in the lawfulness of his return to the United States–Enriquez-Jacquez received a green card after being deported and presented it for inspection when reentering the United States. Good faith is irrelevant to the general intent crime of being an illegal alien found in the United States after deportation. United States v. Gonzales-Chavez, 122 F.3d 15, 16-18 (8th Cir. 1997).

Enriquez-Jacquez's contention that the district court abused its discretion by denying his motion for continuance likewise fails. Enriquez-Jacquez requested a continuance to research the underlying deportation proceeding in light of I.N.S. v. St. Cyr, 533 U.S. 289 (2001). St. Cyr held that the Attorney General retained authority to grant discretionary waivers from deportation for a narrow class of aliens who were convicted of deportable offenses before changes in immigration law under the Antiterrorism and Effective Death Penalty Act (AEDPA) and the Illegal Immigration Reform and Immigrant Responsibility Act (IIRAIRA) but deported after the new acts took effect. Because Enriquez-Jacquez is one of the narrow class of aliens who remained eligible for an administrative waiver, he requested a continuance to determine if he was informed of the waiver's availability at the earlier deportation proceeding.

The district court denied the continuance, finding Enriquez-Jacquez could not show further investigation would prove helpful and a challenge to the earlier deportation proceeding could last several years. We agree. Enriquez-Jacquez has not shown that he was deprived of judicial review or that the entry of the underlying deportation order was fundamentally unfair. 8 U.S.C. § 1326(d); United States v. Mendoza-Lopez, 481 U.S. 828, 839 (1987). Even if Enriquez-Jacquez was not informed of the availability of an administrative waiver during the first deportation proceeding, this notice is not required. See Kwong Hai Chew v. Colding, 344 U.S. 590, 597-98 (1953) (holding due process requires only that an alien be provided

-3-

notice of the charges, a hearing, and a fair opportunity to be heard); see generally 8 C.F.R. Pts. 238, 239, 240 (2002) (providing rules for deportation proceedings). We have read the authorities submitted by Enriquez-Jacquez concluding the offense for which he was first deported is not an aggravated felony, but collateral review of the underlying deportation order is not before us on appeal. See United States v. Chapa-Garza, 243 F.3d 921, 927 (5th Cir. 2001) (holding under Texas law, driving while intoxicated is not an aggravated felony).

We thus affirm Enriquez-Jacquez's conviction.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.